Honorable Alexander Nemer II County Attorney Anderson County Palestine, Texas 75801
Re: Whether a sheriff may work prisoners on his private property.
Dear Mr. Nemer:
You have requested our opinion regarding the following question:
 Is it legal for a county sheriff to work prisoners outside of the county jail on the sheriff's private ranching and/or farming operations whether or not such county jail labor is voluntary on the part of the prisoners and whether or not such prisoners are paid for their labor out of the personal funds of the sheriff?
As you note in your letter, articles 43.09 and 43.10 of the Texas Code of Criminal Procedure pertain to labor on the part of county prisoners. Article 43.09 provides in part that a convicted defendant may `be put to work in the workhouse, or on the county farm, or public improvements of the county. . . .' Pursuant to this provision, this office has stated upon three occasions that county prisoner labor may be used only upon county projects. Attorney General Opinions WW-36 (1957); O-3809 (1941); O-1061 (1939). The precise question you raise was answered in the negative by Attorney General Opinion WW-36 (1957). Accordingly, in our opinion a sheriff may not work county prisoners on private operations under any circumstances; county prisoner labor may be utilized only on county projects.
 SUMMARY
A sheriff may not work county prisoners on private operations.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee